ALFRED CARR, Superintendent, etc., Respondent, v. UNION MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 6, 1887.

1. INSURANCE, FIRE—DISSOLUTION OF COMPANY.—An insurance company created under the laws of this state can not escape from the control of the statutes prescribing the conditions upon which insurance companies shall be dissolved, and the time when, in case of dissolution, their policies shall cease to be in force as continuing executory contracts.

2. ———— RIGHTS OF COMPANY AND ASSURED.—The assured is entitled only to the amount of unearned premium at the date of the dissolution of the company, where the loss occurs subsequent to the decree of dissolution.

3. ———— In such a case, that the property lies without the limits of the state is immaterial.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

G. M. STEWART, for the appellant.

A. & J. F. LEE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The question for decision upon this appeal is presented by the following agreed statement of facts :

"1. That, on the eighth day of March, A. D., 1887, the circuit court of the city of St. Louis, on proper application, proceedings, and notice to the company, adjudged and decreed the Union Mutual Fire Insurance Company, which was incorporated under the general insurance laws of this state, insolvent, and entered a decree of dissolution, enjoining it from transacting any

further business, vesting in the superintendent of insurance title to all its assets, and appointed Charles Miller, commissioner, to hear and allow claims.

"2. Prior to this decree of dissolution, Frank Schmidt had procured a policy of insurance on his property, situated in the town of Huey, county of Clinton, state of Illinois, for the sum of two thousand dollars, for which he had paid a cash premium, and which policy was in full force and effect when the foregoing decree was entered. The said policy was issued by the said company December 9, 1886, and contained the following provision: 'If, at any time, for any cause whatever, this company should so elect, it shall be optional with the company to terminate the insurance, by giving notice to the insured of their intention to do so, in which case the company shall refund a ratable portion of the premium note.'

"3. Frank Schmidt had no notice or knowledge of the proceeding which resulted in the decree, and no actual notice that the same had been made until after his property, so insured, had been destroyed by fire, on April 3, 1887, although it was shown in evidence that notice of the dissolution of the insurance company, and of the time when, and place where, claims would be heard and allowed against the company, had been made, which notice was as follows:

"'Union Mutual Fire Insurance Company. In liquidation.—Notice is hereby given that the undersigned, appointed as commissioner by the St. Louis circuit court, will proceed to receive and decide upon all claims presented to him against the Union Mutual Fire Insurance Company, at the office of the superintendent of the insurance department of the state of Missouri, No. 304 North Eighth street, St. Louis, Mo., beginning Wednesday, March 9, A. D., 1887, and continuing every day thereafter until Monday, April 25, A. D., 1887, inclusive, between the hours of 2 o'clock p. m. and 5 o'clock p. m., on each of said days.

"'Notice is further given that the claims of all per-

sons who shall fail to present the same to the undersigned within said period will be forever barred against said company or its assets.

" ' CHARLES MILLER,

" ' *Commissioner*.'

" Which, by order of the court, was required to be, and was, inserted in the *Missouri Republican*, as required by the order of the court, and also that a printed notice was, during the month of March, 1887, sent by mail by the commissioner to the said Frank Schmidt, notifying him of the dissolution of said insurance company, and when and where claims against it would be allowed, and that this notice was not received by Schmidt.

" 4.   That, after the loss by fire, the said Schmidt gave due notice of the same, and made proper proofs of loss, and in all respects complied with the terms and provisions of the policy in this regard, and within the time limited by the decree of the court, presented his claim for the full amount of his loss to the commissioner, and supported the same with satisfactory evidence of his loss, but that the commissioner held that he was entitled, under the law, only to the value of the unearned premium at the date of this decree of dissolution, and accordingly allowed him only such amount, to-wit, the sum of $75.28, and so reported the allowance to the court.

" Exceptions were filed by Schmidt to this decision, and, when the same were called for hearing, the exceptor introduced evidence in support of the same, and thereby, to the satisfaction of the court, supported all the averments of facts made therein ; but the court, after considering the same, overruled the exceptions."

The question is determined by what was ruled by this court in the case of *Relfe v. Ins. Co.* (10 Mo. App. 393), unless the considerations which are urged by the appellant are to be deemed sound.   It was ruled in that case that, in a proceeding by the superintendent of insurance, under the statute of this state, to wind up a fire

insurance company, the decree dissolving the company terminates the contract of insurance, so that the surrender value of outstanding policies, where there has been no loss, is to be computed from that date. This was ruled without reference to the following provision of the Revised Statutes: "In case of companies other than life, he (the superintendent of insurance) shall ascertain the amount of premium unearned on each policy outstanding and in force at the time of the decree dissolving the company, and the amount of losses outstanding at that time."

This statute was held to have no application to the cases then before the court, because it was passed subsequently to the time when the rights under consideration became fixed. "Those rights," said the court, "rest wholly in contract. It was not competent for the legislature to vary them by a retrospective act." But the statute was in force when the policy now under consideration was issued, and its provisions determine the question in controversy, unless we are to adopt the view of the appellant, that it is not competent for the legislature, by such a statute, to vary the terms of the policies of insurance. Insurance is a business of such a character that it has become in this state, and, it is believed, in most of the states of the Union, the subject of stringent police regulations. A state has power, without any express reservation made in the charter of an insurance company, to pass a law to guard against mismanagement or misconduct of the corporation, and to make reasonable regulations of its business for the protection of the people, and compel it to cease doing business when it becomes insolvent, and consequently unable to meet the obligation, which, as a corporation under the sanction of the state, it had assumed to its policy-holders. *Ins. Co. v. Needles*, 113 U. S. 574.

An insurance corporation, created by the laws of a state, possesses no power to escape from the control of the statutes of such state, prescribing the conditions upon which insurance companies shall be dissolved, the

manner in which they shall be dissolved, and the time at which, in the case of their dissolution, their contracts shall determine and cease to be of force as continuing executory contracts. This insurance company could not, if it would, have inserted a valid clause in this policy to the effect that, notwithstanding the provisions of section 6046, Revised Statutes, its assets should be liable to pay a loss accruing subsequent to the date of a decree of court dissolving it, made in conformity with the statutes of this state. But it does not appear to have made such an attempt, and the statute law of this state, fixing the date at which, in the case of its dissolution, its policies should be determined, is as much a part of its contract with the present policy-holder as though it had been expressed therein; and this, although the policy-holder is a citizen of another state, and although the property which was the subject of the insurance was situated in another state. The power of the legislature of this state to prescribe the terms on which the assets of an insolvent insurance company, created by the laws of this state, and having its office or place of business in this state, shall be distributed among its policy-holders, is plenary, except as to policies issued prior to the passage of such laws, without reference to the citizenship of the policy-holder, or the *situs* of the insured property.

From this it will follow that it is immaterial whether this policy-holder had notice of the decree dissolving the company or not. The proceeding was a proceeding *in rem*. Its validity did not depend upon actual notice to policy-holders. The decree dissolving the company, rendered by a court of competent jurisdiction, and in pursuance of law, was notice to the world, and concluded the rights of policy-holders as effectually as though actual notice of its rendition had been communicated to them.

The judgment of the circuit court will be affirmed. All the judges concur.